UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUXOTTICA GROUP S.P.A., OAKLEY, INC., and COSTA DEL MAR, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A",<br><br>Defendants, | Case No.:1:25-cv-09942<br><br>**Hon. Judge Robert W. Gettleman**<br><br>**Hon. Magis. Judge Keri L. Holleb Hotaling** |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(2),12(b)(4), 12(b)(5), and 12(b)(6), together with the Declaration of Michael Gong ("Decl. Gong"), Declaration of Yunxiao Gao ("Decl. Gao"), Declaration of Jin Peng ("Decl. Peng"), Defendants KINGTEE ("kingtee"), COOLCOTTONSHIRTS ("CoolCottonShirts"), and LORIKEET ("Lorikeet") (collectively "Defendants") respectfully moves this Court to dismiss the Complaint of Plaintiffs LUXOTTICA GROUP S.P.A. ("Luxottica"), OAKLEY, INC. ("Oakley"), and COSTA DEL MAR, INC. ("Costa Del Mar") (collectively "Plaintiffs"). Plaintiffs' claims are brought under 15 U.S.C. § 1114 (Lanham Act § 32) ("Count One"), and 15 U.S.C. § 1125 (Lanham Act § 43(a)) ("Count Two") filed August 20, 2025 (Dkt. 1) ("Complaint" or "Compl.").

**I.    BACKGROUND AND PROCEDURAL POSTURE**

Plaintiff filed the instant civil action on August 20, 2025 alleging infringement of a registered mark and false designation of origin by various online sellers. Rather than proceeding separately against each accused party, Plaintiff collectively named numerous unaffiliated businesses and individuals, each operating under different online storefronts and across foreign

jurisdictions, under the single label of "Schedule A: Defendant Online Marketplaces" (Dkt. 2) ("Schedule A"). Plaintiffs' complaint does not allege that these defendants acted jointly, coordinated in their business dealings, or were in any way connected beyond engaging in online commerce generally. The only purported link between them is the conclusory and unsubstantiated assertion that e-commerce store operators, "like Defendants," communicate with each other through online chatrooms and websites (Compl. ¶ 25).

Plaintiff sought immediate relief in the form of *ex parte* motions and a preliminary injunction, which the Court granted on August 21, 2025. Plaintiff ostensibly served with process on August 29, 2025 through electronic publication (Dkt. 30), but Defendants were only added to the case as new parties on September 5, 2025. On September 24, 2025, Defendants filed a motion for extension which was granted on September 27, 2025.

## II. LEGAL STANDARDS

### A. Personal Jurisdiction, Process of Service, Timeliness

Federal Rules of Civil Procedure (FRCP) Rule 12(b)(2) allows for a motion to dismiss if there is no personal jurisdiction. In the Seventh Circuit, personal jurisdiction may be either general or specific. For a corporation, general jurisdiction exists in two places: (1) the state of the corporation's principal place of business and (2) the state of its incorporation. *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 698 (7th Cir. 2015). Otherwise, general jurisdiction exists when " "the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit ... on causes of action arising from dealings entirely distinct from those activities." *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 698 (7th Cir. 2015) (internal citations omitted); *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 317 (1945). Specific jurisdiction exists when the defendant purposefully directed its activities at the forum state and the alleged injury arises out of or relates

to those activities. *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). The exercise of jurisdiction must also comport with traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Wash.*, 326 U.S. at 316 (1945). The plaintiff bears the burden of making a prima facie showing of jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The Seventh Circuit has also held that having a commercial website that is accessible nationwide, including to residents of the forum state, does not establish personal jurisdiction. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801–02 (7th Cir. 2014).

Rule 12(b)(4) motion challenges the form of process, or whether the summons and complaint are themselves defective. A Rule 12(b)(5) motion challenges the method of service, including whether the plaintiff properly served the defendant under Rule 4. *See United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008) (addressing Rule 4 service issues); *see also Swaim v. Moltan Co.*, 73 F.3d 711, 721 (7th Cir. 1996). A challenge to personal jurisdiction under Rule 12(b)(2) may also arise where service of process is defective, because proper service is a prerequisite to jurisdiction. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991). Additionally, this court has previously found service to foreign-based e-commerce defendants by email or website improper without exercising reasonable diligence to identify addresses for the Hague Service Convention. *Luxottica Grp. S.p.A. v. P'ships & Unincorporated Ass'n Identified on Schedule "A"*, 391 F. Supp. 3d 816, 824 (N.D. Ill. 2019).

A complaint also fails as a matter of law if its allegations, even taken as true, are conclusory and cannot plausibly entitle the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 558 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, it is well

established that "[a]s a general rule, on a Rule 12(b)(6) motion, the court may consider only the plaintiff's complaint." *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). The only exception to this is in cases interpreting contracts and the like. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).

### B. Group pleading

In the Seventh Circuit, the legal standard for group pleading is governed by the general pleading requirements of the FRCP Rule 8(a)(2). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." However, group pleadings are subject to strict limitations. A plaintiff must, at minimum, provide sufficient factual detail to allow each defendant to understand the specific nature of the allegations against them. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). The Seventh Circuit has held that generalized allegations failing to distinguish and identify defendants and the personal conduct of each defendant are impermissible. *Gray v. City of Chi.*, 2019 U.S. Dist. Lexis 128198, at *15 (N.D. Ill. Aug. 1, 2019). *See, e.g., Burks v. Raemische*, 555 F.3d 592, 594 (7th Cir. 2009) (plaintiff must name the persons responsible to state a claim); *Carter v. Dolan*, No. 08 C 7464, 2009 U.S. Dist. LEXIS 53735, at *3-4 (N.D. Ill. June 25, 2009) (plaintiff alleged no specific acts by any named defendant); *Liera v. City of Chi.*, No. 13 C 9032, 2014 U.S. Dist. LEXIS 190571, at *3 (N.D. Ill. Aug. 5, 2014) (plaintiff alleged specific acts by three defendants, but failed to state which of the additional 35 defendants participated in the alleged conduct).

Additionally, "[t]he key to satisfying Rule 8 is that [a plaintiff] 'put the defendants on

notice of what exactly they might have done to violate [his] rights.'" *Kuri v. City of Chi.*, No. 13 C 1653, 2014 U.S. Dist. LEXIS 3470, at *7 (N.D. Ill. Jan. 10, 2014) (quoting *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009)); *Fulton v. Bartik*, 547 F. Supp. 3d 799, 810 (N.D. Ill. 2021) (holding that group pleadings require allegations to provide notice to each defendant of the contours of the claims against them); *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) (finding that complaints can fall below minimum standard if the complaint is "so sketchy" that it does not provide the type of notice to which the defendant is entitled under Rule 8).

### C. Trademark Infringement

To prevail in an infringement of unregistered trademarks case under the Lanham Act, 15 U.S.C. §§ 1051–1141n (2024), and 15 U.S.C. § 1114 (Lanham Act § 32) specifically, Plaintiff must establish (1) that it has a protectible trademark, and (2) a likelihood of confusion as to the origin of the defendant's product. *Int'l Kennel Club of Chi., Inc. v. Mighty Star, Inc.*, 846 F.2d 1079, 1084 (7th Cir. 1998). The factors for likelihood of confusion include: "(1) similarity between the marks in appearance and suggestion; (2) similarity of the products; (3) the area and manner of concurrent use; (4) the degree of care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) whether actual confusion exists; and (7) whether the defendant intended to 'palm off' his product as that of the plaintiff." *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 677-78 (7th Cir. 2001).

To determine **similarity of marks**, courts consider their overall commercial impression, including similarities in sight, sound, and meaning. *See CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 678 (7th Cir. 2001). To determine whether **products are similar**, courts must ask whether the products are "the kind the public attributes to a single source" (*McGraw-Edison Co.*

*v. Walt Disney Prods.*, 787 F.2d 1163, 1169 (7th Cir. 1986)) or "thought to be affiliated with, connected with, or sponsored by, the trademark owner." *Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 958 (7th Cir. 1992). The Lanham Act also aims to protect "the trademark owner's interest in capitalizing on the good will associated with its mark by moving into new markets." *Sands, Taylor & Wood Co.*, 978 F.2d at 958. In regards to **area and manner of concurrent** use, the Seventh Circuit considers whether parties use the mark in the same manner and sell and market their products through the same channels of commerce. *CAE, Inc. v. Clean Air Eng'g, Inc.* 267 F.3d 660, 681-82 (7th Cir. 2001).

To determine the **degree of care likely to be exercised by consumers**, the Seventh Circuit considers the sophistication of the parties' customers and product overlap. *Id.* at 683. Additionally, the *CAE, Inc.* court stated that "[t]he more widely accessible and inexpensive the products and services, the more likely that consumers will exercise a lesser degree of care and discrimination in their purchases." 267 F.3d at 683 (citing *Fuji Photo Film v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 596 (5th Cir. 1985)). "The **strength** of a trademark refers to the mark's distinctiveness, meaning its propensity to identify the products or services sold as emanating from a particular source." *CAE, Inc.*, 267 F.3d at 684. *See Eli Lilly & Co. v. Natural Answers, Inc.*, 233 F.3d 456, 464 (2000); *Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 959 (7th Cir. 1992) (internal citation omitted). However, mark strength alone does not establish likelihood of confusion. *See Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 898 (7th Cir. 2001). **Actual confusion** is not required to prove likelihood, and a lack of evidence of actual confusion weighs slightly in favor of finding that no likelihood of confusion exists. *CAE, Inc.*, 267 F.3d at 685–86. Whether a defendant **intends** to "palm off" their products as that of the

plaintiff depends is irrelevant if there is no intent. *CAE, Inc.*, 267 F.3d 660 at 686 (citing *Sands, Taylor & Wood*, 978 F.2d at 961).

The likelihood factors are treated like an equitable balancing test, and no factor on its own is dispositive. *CAE, Inc.*, 267 F.3d 660 at 678 (citing *Barbecue Marx, Inc. v. 551 Ogden*, 235 F.3d 1041, 1044 (7th Cir. 2000)). Depending on the facts present, the court may "assign varying weights to each of the factors," though in many cases three of the factors are of particular importance: the similarity of the marks, the defendant's intent, and actual confusion. *See id.*

To prevail on claim under 15 U.S.C. 1125(a) (Lanham Act § 43(a)) specifically, a plaintiff must show: "(1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a loss of goodwill associated with its products." *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999).

   D. Misjoinder

Under Rule 20(a)(2), defendants "may be joined in one action as defendants" if the following two conditions are met: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). In determining this standard,

courts require a logical relationship and substantial evidentiary overlap. *See Estée Lauder Cos. v. The Individuals, Business Entities, & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 185 (N.D. Ill. 2020). "Simply alleging that both [parties] manufactured or sold similar products did not support joinder." *Rudd v. Lux Products Corp.*, No. 09-cv-6957, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011). Under Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

### III.   ARGUMENT

**A. Plaintiffs' Complaint must be dismissed as to Defendants under Rule 12(b)(2) for lack of personal jurisdiction, and under Rules 12(b)(4) and 12(b)(5) for insufficient process and insufficient service of process.**

Plaintiffs' Complaint should also be dismissed under Rules 12(b)(2), (4), and (5) because the Court lacks personal jurisdiction over Defendants, and Plaintiffs have failed to properly serve or issue process in accordance with Rule 4.

The Complaint is devoid of any factual allegations establishing that Defendants are subject to personal jurisdiction in this District. Plaintiffs do not allege that Defendants are residents of Illinois, maintain offices or employees here, own property, or otherwise conduct continuous and systematic business in the state. Nor do they allege that Defendants expressly targeted Illinois consumers. Instead, Plaintiffs rely on the generic assertion that Defendants "targeted sales to Illinois residents by setting up and operating e-commerce stores." (Compl. 19.) Such generalized allegations are insufficient to establish either general or specific jurisdiction. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801–02 (7th Cir. 2014) (mere accessibility of a website in the forum state is not enough to confer jurisdiction). To establish specific jurisdiction, Plaintiffs must allege that Defendants "purposefully directed" their activities toward Illinois and that Plaintiffs' claims "arise out of"

those contacts. *See Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010). No such factual connection is pled here. Plaintiffs' generalized claims that Defendants sell on Amazon or similar global platforms fail to show that any Defendant specifically targeted or purposefully availed itself of this forum.

The summonses issued in this case are facially defective and fail to satisfy the requirements of Rule 4(a). Plaintiffs identify Defendants only by online "Seller Aliases" and vague marketplace storefront names (Compl. 3), without listing any legal entity, address, or identifiable person upon whom process could be served. Because Plaintiffs have failed to issue valid summonses identifying real parties, as required under Rule 4(a)(1), dismissal under Rule 12(b)(4) is warranted.

Even assuming valid summonses existed, Plaintiffs have not shown that service of process was properly effected. The Complaint provides no evidence or affidavit demonstrating that Defendants were served in accordance with Rule 4(f) (for foreign defendants) or Rule 4(e) (for domestic ones). Plaintiffs instead rely on electronic service by e-mail or platform notice, a method permitted only when specifically authorized by court order after diligent efforts to serve through conventional means. This court has previously dismissed a case where the plaintiff attempted to serve foreign e-commerce defendants via e-mail without the diligence required to satisfy Rule 4(f). *Luxottica Grp. S.p.A. v. P'ships & Unincorporated Ass'n Identified on Schedule "A"*, 391 F. Supp. 3d 816, 824 (N.D. Ill. 2019). The court in *Luxottica Grp. S.p.A.* explicitly listed ways in which the plaintiff could have performed due diligence in finding the defendants' addresses using the return addresses in the packing slips and hiring a private investigator. *Id.* at 823–24. Here, Plaintiffs did not aver that they had made any of these attempts, nor did they even assert that they conducted a general search for the Defendants' addresses, online or otherwise.

As set forth in the Declaration of Michael Gong, Declaration of Yunxiao Gao, and Declaration of Jin Peng, Defendants kingtee, CoolCottonShirts, and Lorikeet each operate independently as separate online storefronts on the Temu marketplace. KINGTEE is owned and operated by Yunxiao Gao, CoolCottonShirts by Jin Peng, and Lorikeet by Rainbow Lorikeet LLC, a Delaware limited liability company headquartered in New Castle, Delaware. See *Decl. Gao* ¶¶ 2–4; *Decl. Peng* ¶¶ 2–4; *Decl. Gong* ¶¶ 2–4. Each storefront sells t-shirts and maintains no ownership, management, or operational affiliation with any other Defendant in this action. See *Decl. Gao* ¶ 5; *Decl. Peng* ¶ 5; *Decl. Gong* ¶ 5. None of them has offices, employees, or assets in Illinois, and none has been formally served with process beyond receiving notice of this action by email. See *Decl. Gao* ¶ 6; *Decl. Peng* ¶ 6; *Decl. Gong* ¶ 6.

Accordingly, the Declarations establish that Defendants lack the requisite minimum contacts with Illinois and that Plaintiffs failed to effect proper service of process. Plaintiffs' reliance on anonymous "Seller Aliases" and unverified online listings does not satisfy the jurisdictional and procedural requirements of the Federal Rules. Therefore, the Complaint should be dismissed as to Defendants under Rules 12(b)(2), 12(b)(4), and 12(b)(5) for lack of personal jurisdiction, insufficient process, and insufficient service of process.

**B. Plaintiffs' Complaint must be dismissed as to Defendants under Rule 12(b)(6) for failure to state a claim**

*1. Plaintiffs fail to meet FRCP Rule 8 requirements by relying on improper group pleading*

Plaintiffs' Complaint should be dismissed because it fails to provide defendants with fair notice of the claims against them under Rule 8(a)(2). The Seventh Circuit requires that complaints specify the role of each defendant and does not permit generalized "group pleading" that lumps multiple defendants together without distinguishing their individual conduct or providing each proper notice of the allegations against them. FRCP Rule 8(a)(2); *Burks v.*

*Raemische*, 555 F.3d 592, 594 (7th Cir. 2009), *Fulton v. Bartik*, 547 F. Supp. 3d 799, 810 (N.D. Ill 2021).

Here, the Complaint fails to specify which mark each defendant allegedly infringed. Furthermore, the Complaint does not reference or incorporate additional documents that can attribute specific alleged infringements of specific marks to individual defendants. Plaintiffs state that it is "virtually impossible… to learn Defendants' true identities and the exact interworking of their counterfeit network." (Compl. 17). However, this assertion does not render ineffective the need to "put the defendants on notice of what exactly they might have done to violate [Plaintiffs'] rights." *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009). These omissions render the pleading insufficient by depriving Defendants of fair notice and the ability to mount a meaningful defense. Accordingly, this motion to dismiss should be granted.

2. *Plaintiffs fail to state a cause of action for trademark infringement and counterfeiting under 15 U.S.C. § 1114*

For the purposes of this motion, and without conceding that Plaintiffs' marks are valid or protectable, Plaintiffs nevertheless fail to state a claim for trademark infringement or counterfeiting under 15 U.S.C. § 1114. The Complaint is deficient because it does not plausibly allege facts establishing a likelihood of confusion, which is the central element of a claim under the Lanham Act.

First, Plaintiffs do not assert that the allegedly infringing **marks are similar** in appearance, sound, or overall commercial impression to Plaintiffs' registered marks. Absent factual allegations showing that Defendants' mark is "so similar that it is likely to cause confusion", the claim cannot proceed. *See CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 677 (7th Cir. 2001). The Complaint likewise fails to allege that the **products at issue are similar** or related in any way. Plaintiffs describe themselves as "reputable eyewear brands," touting their

products as among the most "recognizable eyewear in the world" (Compl. 7). They further refer to themselves as "undisputed world leaders in the field of sun and prescription eyewear products." (Id. 6.) Defendants, by contrast, sell t-shirts. The Complaint does not allege that Defendants sell eyewear, or that consumers would attribute t-shirts and sunglasses to a single source. Courts have long recognized that trademark protection does not extend to unrelated products absent factual overlap suggesting consumer confusion. *McGraw-Edison Co. v. Walt Disney Prods.*, 787 F.2d 1163, 1169 (7th Cir. 1986). Furthermore, Plaintiffs do not allege that they are "moving into new markets" and selling t-shirts, therefore they do not warrant the protections under the Lanham Act. *Sands, Taylor & Wood Co.*, 978 F.2d at 958.

Plaintiffs' statements regarding the **area and manner of concurrent use** are entirely conclusory and unsupported by factual allegations. The Complaint actually distinguishes the channels Plaintiffs use to market and sell their products, stating that they are only sold through "authorized retail channels and are recognized by the public as being exclusively associated with the Plaintiffs' brand" (Compl. 13). Therefore, by the Plaintiffs' own assertions, there is little likelihood of confusion through concurrent use by the public. Furthermore, Plaintiffs fail to assert that they themselves sell through the same third-party marketplaces that Defendants' alleged activities occur in (Compl. 17).

Additionally, the Complaint fails to allege that **consumers would exercise insufficient care** in distinguishing Plaintiffs' products from Defendants'. To the contrary, Plaintiffs emphasize that their customers have come to expect "high quality" from their products (Compl. 30), implying that such consumers are sophisticated and likely to exercise a heightened degree of care. This undermines, rather than supports, any inference of likely confusion. *See CAE, Inc. v.*

*Clean Air Eng'g, Inc.,* 267 F.3d 660, 683 (citing *Fuji Photo Film v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 596 (5th Cir. 1985)).

Plaintiffs' assertion that Defendants acted with **intent** to trade on Plaintiffs' goodwill is wholly conclusory. (Compl. 32.) The Complaint offers no factual support showing that Defendants intended to "palm off" their products as those of Plaintiffs or otherwise mislead consumers. Allegations of intent require some factual basis, such as misleading advertising or statements suggesting association, which are absent here. *CAE, Inc.*, 267 F.3d 660 at 686 (citing *Sands, Taylor & Wood*, 978 F.2d at 961).

Finally, while Plaintiffs describe their marks as "strong," **mark strength** alone does not establish likelihood of confusion. *See Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 898 (7th Cir. 2001). The Complaint does not connect this alleged strength to any plausible theory of consumer confusion. Plaintiffs also allege no instances of **actual confusion**, such as misdirected communications, customer complaints, or marketplace evidence. While proof of actual confusion is not strictly required, the complete absence of even a plausible allegation of confusion further weakens Plaintiffs' claim. *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d at 685–86.

Considering the relevant factors (mark similarity, product relatedness, marketing channels, consumer sophistication, and intent) the Complaint does not allege facts rendering confusion plausible. At most, it recites legal conclusions without factual support. As such, Plaintiffs have failed to state a claim for trademark infringement or counterfeiting under § 1114. Accordingly, the Court should dismiss the trademark infringement and counterfeiting claims in their entirety for failure to state a cause of action under Rule 12(b)(6).

3. *Plaintiffs fail to state a cause of action for false designation of origin under 15 U.S.C. § 1125(a)*

Plaintiffs' claim under 15 U.S.C. § 1125(a) fails for the same reason as their § 1114 claim: the Complaint does not plausibly allege facts establishing a likelihood of confusion. Section 1125(a) prohibits false or misleading representations that cause consumers to believe that goods originate from, or are sponsored by, another. To survive dismissal, Plaintiffs must make plausible allegations supported by facts, not conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Complaint merely recites that Defendants' alleged use "created and is creating a likelihood of confusion" without explaining how or why (Compl. 37). It offers no factual description of the marks' appearance, sound, or impression, and no allegation that consumers encountering Defendants' products would believe they originate from Plaintiffs. Plaintiffs also fail to allege any overlap in products or trade channels. They emphasize that they sell high-end eyewear through authorized retail channels and official websites, while Defendants allegedly sell t-shirts on third-party marketplaces. The Complaint contains no facts suggesting shared consumers or sales platforms. Without overlapping markets or related goods, there is no plausible inference of confusion. *See McGraw-Edison Co. v. Walt Disney Prods.*, 787 F.2d 1163, 1169 (7th Cir. 1986). Moreover, the Complaint identifies no false or misleading statements by Defendants and no facts showing intent to deceive.

Section 1125(a) does not impose liability absent an actual false designation or misrepresentation likely to mislead consumers. *See Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999). Because Plaintiffs' § 1125(a) claim merely repeats legal conclusions without factual support, it fails to plausibly allege consumer confusion, false designation, or

deceptive conduct. Accordingly, the Court should dismiss the false designation of origin claim in its entirety under Rule 12(b)(6).

### C. Plaintiffs' Complaint Must be Dismissed or Severed According to Federal Rule of Civil Procedure 20(a) and 21 Due to the Misjoinder of Defendants

Plaintiffs' Complaint improperly joins numerous unrelated defendants in a single action in violation of Federal Rules of Civil Procedure 20(a) and 21. The Complaint contains no factual allegations establishing any relationship, coordination, or shared enterprise among the defendants.

*1. Plaintiffs' allegations that Defendants are related and claims arise from same transactions or occurrence are conclusory and unsupported*

As confirmed by the Declaration of Michael Gong ¶ 7, the Declaration of Yunxiao Gao ¶ 7, and the Declaration of Jin Peng ¶ 7, the claims against Lorikeet, kingtee, and CoolCottonShirts arise solely from each Defendant's independent operations and share no transactional nexus or common questions of law or fact with the claims against other defendants.

This further underscores that joinder is improper under Rule 20(a)(2). Rule 20(a)(2) permits joinder only when claims against multiple defendants arise from the same transaction, occurrence, or series of transactions and share at least one common question of law or fact. Here, Plaintiffs make no showing of the required logical relationship and substantial evidentiary overlap. *See Estée Lauder Cos. v. The Individuals, Business Entities, & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 185 (N.D. Ill. 2020). The mere fact that defendants allegedly sold products bearing similar marks does not create a "series of transactions" within the meaning of Rule 20(a)(2). *See Rudd v. Lux Products Corp.*, No. 09-cv-6957, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011). Therefore, joinder is improper because each claim depends on

unique factual inquiries, such as what was sold, time of sale, to whom, and under what circumstances.

2. *Similarities in Products or Stores Do Not Justify Joinder*

Plaintiffs' generalized assertions that the Defendants sell similar designs or listings are insufficient to establish relatedness. As courts in this District have noted, the fact that independent sellers allegedly copy the same trademark or design naturally results in similar listings or descriptions; that similarity does not prove cooperation or shared conduct. See *Estée Lauder*, 334 F.R.D. at 188. Each seller's alleged infringement, if any, arises separately and will require individualized proof, rendering joint adjudication unworkable.

3. *Joinder Prejudices Defendants and Undermines Judicial Efficiency*

Even assuming arguendo that Plaintiffs could satisfy Rule 20(a)(2)—which they cannot—Rule 21 authorizes the Court to sever misjoined defendants. Here, the joinder of dozens of unrelated foreign defendants would create significant prejudice, expense, and delay. Each defendant faces unique factual and legal questions, ranging from product type to sales records and intent, which cannot be efficiently or fairly resolved in a single proceeding. Mass joinder risks confusion of issues, unfair spillover of allegations, and deprivation of individualized due process. Severance would promote clarity and efficiency, allowing each case to proceed on its own merits.

Because Plaintiffs' claims do not arise from a common transaction or occurrence and share no meaningful factual nexus, joinder under Rule 20(a)(2) is improper. The Court should therefore dismiss the Complaint as to misjoined defendants or, in the alternative, sever the claims under Rule 21 to ensure that each defendant is afforded fair notice and an opportunity to defend individually.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint fails both procedurally and substantively. Plaintiffs have not established personal jurisdiction over Defendants, nor have they properly issued or effected service of process as required by Rule 4. Their group pleading and conclusory allegations fail to state a claim under Rules 8(a) and 12(b)(6), and their claims under 15 U.S.C. §§ 1114 and 1125(a) do not plausibly allege likelihood of confusion or deceptive conduct. In addition, Plaintiffs' mass joinder of unrelated defendants violates Rules 20(a) and 21, resulting in unfair prejudice and inefficiency.

Accordingly, Defendants respectfully request that this Court dismiss the Complaint in its entirety for lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim. In the alternative, Defendants request that the Court sever the misjoined defendants and grant such other and further relief as it deems just and proper.

Dated: October 20, 2025

Respectfully Submitted,

***J. Zhang and Associates, P.C.***
***Attorney for Defendant,***
*kingtee, CoolCottonShirts, and Lorikeet*

*/s/ Jiyuan Zhang*

_____
By: Jiyuan Zhang, Esq. (JZ7401)
37-12 Prince Street, Ste 9C
Flushing, NY 11354
Tel: (718)701-5098
JZ@jzhanglaws.com
contact@jzhanglaws.com

**AFFIRMATION OF SERVICE**

I, Jiyuan Zhang, an attorney, certifies that on October 20, 2025, a true and correct copy of **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** was filed via the CM/ECF electronic filing system, thereby serving it upon all counsel of record and interested parties.

<u>/s/ Jiyuan Zhang</u><br>
Jiyuan Zhang